IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIE VALENCIA, an individual,          )<br>                                                              )<br>            Plaintiff,                               )<br>                                                              )<br>     vs.                                                   )<br>                                                              )<br>AMERICAN HOME MORTGAGE      )<br>SERVICING, INC., a Business              )<br>Entity, form unknown, ARGENT        )<br>MORTGAGE COMPANY, LLC, a        )<br>Business Entity, form unknown;        )<br>PREFERRED MORTGAGE, a               )<br>Business Entity, form unknown,       )<br>MORTGAGE ELECTRONIC               )<br>REGISTRATION SYSTEMS, a           )<br>Business Entity, form unknown; and )<br>DOES 1–100, inclusive,                    )<br>                                                              )<br>            Defendants.                          )<br>_____ ) | CV. NO.  10-00744 DAE-RLP |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFF'S TILA RESCISSION CLAIM; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS; (4) DISMISSING THE CASE AGAINST DEFENDANT MERS; AND (5) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT

On July 1, 2011, the Court heard Defendant American Home

Mortgage Servicing, Inc.'s ("AHMS") Motion to Dismiss.  (Doc. # 9.)  Plaintiff

Marie Valencia, pro se, appeared at the hearing on behalf of herself; Robert J.

Martin, Esq., appeared at the hearing on behalf of AHMS.  After reviewing the

supporting and opposing memoranda, the Court GRANTS Defendant AHMS'
Motion to Dismiss (Doc. # 9), DISMISSES WITH PREJUDICE Plaintiff's TILA
rescission claims, DISMISSES WITHOUT PREJUDICE all other claims,
DISMISSES the case against Defendant MERS, and GRANTS Plaintiff leave to
amend her Complaint.

BACKGROUND

On December 14, 2010, Plaintiff Marie Valencia ("Plaintiff") filed a
Complaint against Defendants AHMS, Argent Mortgage Company, LLC, Preferred
Mortgage, Mortgage Electronic Registration Systems ("MERS"), and Does 1–100
(collectively, "Defendants"), alleging that Plaintiff had been lured into a predatory
mortgage loan.[1] ("Compl.," Doc # 1.) Specifically, Plaintiff's Complaint alleges

---

[1] Plaintiff presumably filed the Complaint in this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the Complaint states at least one cause of action arising under the laws of the United States. Diversity jurisdiction does not exist in the instant case because at least one Defendant is a citizen of the same state as Plaintiff. Specifically, the Secretary of State, State of Hawaii's Business Registration Division records indicate that Preferred Mortgage is a corporation incorporated in the State of Hawaii. Pursuant to 18 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ." Thus, Preferred Mortgage is a citizen of Hawaii. As Plaintiff is also a citizen of Hawaii, complete diversity fails to exist between Plaintiff and Defendants. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[Section] 1332 ... requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district
(continued...)

2

twelve Counts: (Count I) Declaratory Relief (Compl. ¶¶ 45–49); (Count II) Injunctive Relief (id. ¶¶ 50–53); (Count III) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing (id. ¶¶ 54–60); (Count IV) Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 61–70); (Count V) Violation of Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 71–79); (Count VI) Rescission (id. ¶¶ 80–84); (Count VII) Unfair and Deceptive Business Act Practices ("UDAP") (id. ¶¶ 85–90); (Count VIII) Breach of Fiduciary Duty (id. ¶¶ 91–95); (Count IX) Unconscionability – UCC-2-3202[2] (id. ¶¶ 96–99); (Count X) Predatory Lending (id. ¶¶ 100–112); (Count XI) Quiet Title (id. ¶¶ 113–116); and (Count XII) Lack of Standing; Improper Fictitious Entity (id. ¶¶ 117–124).

Plaintiff resides in the State of Hawaii. (Id. ¶ 1.) Plaintiff entered into a loan repayment and security agreement on or about November 1, 2006, with Defendant Preferred Mortgage, in the amount of $650,000,00. (Id. ¶ 2.) The real

---

[1](...continued)
court of original diversity jurisdiction over the entire action."). Thus, Plaintiff's Complaint may not be brought under diversity jurisdiction, but is proper in this Court under federal question jurisdiction.

[2]The Court assumes Plaintiff actually means Uniform Commercial Code § 2-302 – Unconscionable Contract or Clause.

property at issue in this loan transaction is located at 94-1128 Halelehua Street, Waipahu, HI 96797 (the "Subject Property"). (Id. ¶ 1.)

Plaintiff alleges that Defendants "intentionally concealed the negative implications of the loan they were offering," putting Plaintiff in a position of potentially "losing his [sic] home to the very entity and entities who placed them in this position." (Id. ¶ 21.) Plaintiff also contends that Defendants "hold an interest in a loan that was improperly handled from its inception", and used "acts of deception violat[ing] several statutes and [] in essence creat[ing] an illegal loan." (Id. ¶¶ 23, 29.) In addition, Plaintiff asserts that Preferred Mortgage "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff for a loan which [they] knew or should have known that Plaintiff could not qualify for or afford . . . ." (Id. ¶ 30.)

On February 18, 2011, Defendant AHMS filed a Motion to Dismiss ("Motion"). ("Mot.," Doc. # 9.) Plaintiff has not filed an Opposition to Defendant AHMS's Motion. However, on March 18, 2011, Plaintiff filed a Motion entitled "Plaintiff's Responsive to Defendant American Home Mortgage Servicing; Scheduling Conference Statement; Dismiss Case Against MERS," in which Plaintiff requested to dismiss her case as against Defendant MERS. (Doc. # 18.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

DISCUSSION

For the reasons set forth below, the Court concludes that AHMS' Motion to Dismiss should be granted. The Court dismisses with prejudice Plaintiff's TILA rescission claim, and dismisses without prejudice Plaintiff's remaining TILA claims and Plaintiff's RESPA claim. The Court declines to assert supplemental jurisdiction over Plaintiff's state law claims and determines that they should be dismissed as well. In addition, the Court dismisses the case against Defendant MERS pursuant to Plaintiff's request. The Complaint is dismissed without prejudice with leave to amend, as against all remaining Defendants.

I.  Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq.

Count IV of Plaintiff's Complaint alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to provide Plaintiff with all of the required disclosures. (Compl. ¶¶ 61–70.) Plaintiff asserts rescission and civil liability for the purported TILA violations. Defendant AHMS contends that Plaintiff's TILA claims are all barred by the statute of limitations. (Mot. at 8–9.)

A.  Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty. 15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699,

7

701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)). To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security. 15 U.S.C. § 1635(a). If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986). Here, Plaintiff entered into the loan transaction on November 1, 2006, and initiated the instant lawsuit on December 14, 2010. More than three years elapsed between the consummation of the loan and Plaintiff's invocation of her right to rescind. Therefore, Plaintiff's claim is barred by the statute of limitations.

        Plaintiff alleges that any and all statute of limitations should be tolled due to Defendants' failure to effectively provide the required disclosures and notices. (Compl. ¶ 65.) Plaintiff's argument fails because equitable tolling does not apply to rescission under TILA. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635

claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiff's TILA rescission claim is barred by the statute of limitations.

B. Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees. 15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA. Id. § 1640(e). The limitations period generally runs from the date of consummation of the transaction. King, 784 F.2d at 915. As stated above, Plaintiff entered into the loan transaction on November 1, 2006, and initiated the present lawsuit on December 14, 2010. As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006)

9

("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiff alleges that the statute of limitations is tolled due to Defendants' failure to effectively provide the required disclosures and notices. (Compl. ¶ 65.) As in Meyer and Hubbard, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies. Plaintiff's assertion that Defendants "fail[ed] to effectively provide the required disclosures and notices," (id. ¶ 65) is conclusory and does not justify application of equitable tolling. Plaintiff offers no explanation as to why she was unable to discover the TILA violations within the one-year statutory period. Plaintiff's conclusory allegations without more are insufficient for her to invoke the doctrine of equitable tolling.

Accordingly, the Court GRANTS the Motion to Dismiss as to all of Plaintiff's TILA claims. Plaintiff's TILA rescission claim is barred by the statute of limitations as a matter of law, and is thus DISMISSED WITH PREJUDICE.

II.     Count V: Real Estate Settlement Procedures Act Violations

Count V of the Complaint alleges that Defendants violated RESPA by "[giving], provid[ing], or receiv[ing] a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums . . . ," and "requir[ing] the Plaintiff to pay interest rates, fees, and/or charges not justified by marketplace economics in place at the

11

time the lien was originated." (Compl. ¶ 75, 77.) Defendant AHMS asserts that Plaintiff's RESPA claim is barred by the statute of limitations. (Mot. at 10.)

RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).

Plaintiff fails to cite any specific provision of RESPA that was violated by Defendants, which is grounds for dismissal of the claim, alone. See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[3] Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests. Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions. Vague allegations containing mere labels

---

[3]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

While Plaintiff fails to specify under which section of the statute her alleged RESPA claim arises, it appears that she is alleging a violation of 12 U.S.C. § 2607, which relates to kickbacks and unearned fees. (See Compl. ¶ 77.) Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than one year before Plaintiff filed the instant action, her claim is barred by the statute of limitations. As discussed above, Plaintiff is not entitled to equitable tolling because she has failed to allege sufficient grounds showing why she could not bring suit within the limitations period.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiff's RESPA claim.

III.    Count VI: Rescission

Count VI of the Complaint alleges that Plaintiff is entitled to rescind her loan under violations of TILA, RESPA, fraudulent concealment, Deceptive Acts and Practices (UDAP), and under public policy grounds. However, rescission is a remedy and not an independent cause of action, thus there must be grounds on which to support an award of rescission. See Bischoff v. Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

13

For the reasons stated above in the Court's analysis of Plaintiff's TILA claim, Plaintiff is not entitled to rescission under TILA. Plaintiff's claim for rescission under RESPA fails as well, because rescission is not a form of relief offered by the statute. See 12 U.S.C. § 2601–2617. Additionally, as stated above, Plaintiff's claim for RESPA fails, thus any derivative claim fails as well.

Accordingly, the Court GRANTS Defendant AHMS's Motion to Dismiss as to Plaintiff's claim for rescission of the loan pursuant to Plaintiff's TILA and RESPA claims.

IV.     State Law Claims

Plaintiff's remaining grounds for relief are all state law claims. Pleading state law claims does not confer jurisdiction on this Court. The Court may exercise supplemental jurisdiction over the state claims only after Plaintiff has established federal jurisdiction by properly pleading her federal claim. Because the Court has granted Defendant AHMS's Motion to Dismiss as to Plaintiff's TILA and RESPA claims, the Court declines to reach Plaintiff's state law claims. Accordingly, the Court DISMISSES Plaintiff's state law claims as well.

V.      Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint. The Court notes, however, that on March 18, 2011, Plaintiff filed a Motion in which she sought to dismiss the case against Defendant MERS. (Doc. # 18.) Pursuant to Plaintiff's request, the Court DISMISSES the case as against Defendant MERS. As to all remaining Defendants in this action, the Complaint is DISMISSED WITHOUT PREJUDICE with leave to amend no later than 30 days from the filing of this Order, with the exception of Plaintiff's TILA rescission claim which is DISMISSED WITH PREJUDICE. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured her, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant AHMS' Motion to Dismiss (Doc. # 9), DISMISSES WITH PREJUDICE Plaintiff's TILA rescission claims, DISMISSES WITHOUT PREJUDICE all other claims,

DISMISSES the case against Defendant MERS, and GRANTS Plaintiff leave to amend her Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 15, 2011.

David Alan Ezra
United States District Judge

Valencia v. American Home Mortgage Servicing, Inc. et al., Cv. No. 10-00774 DAE-RLP; ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFF'S TILA RESCISSION CLAIM; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS; (4) DISMISSING THE CASE AGAINST DEFENDANT MERS; AND (5) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT